IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CV-2-FL

| | |
|---|---|
| EVA M. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the parties' cross-motions for Judgment on the Pleadings. (DE's 15, 20). Plaintiff has filed a response and Defendant has filed a reply. (DE's 22, 23). The time for the parties to file any additional responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-20) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on October 5, 2005 alleging that she became disabled on April 30, 2001. (Tr. 52-57). After her claims were denied at the initial and reconsideration levels, she requested a

1

hearing before an Administrative Law Judge ("ALJ"). *Id.* at 36-38, 41-44, 470-502. Following a hearing, the ALJ issued an unfavorable decision on October 1, 2008, in which he determined that Plaintiff was not disabled during the relevant time frame. *Id.* at 395-395. On June 15, 2009, the Social Security Administration's Office of Hearings and Appeals ("Appeals Council") vacated the hearing decision and remanded the case for further proceedings. *Id.* at 399-401. A second hearing was conducted on September 23, 2009. *Id.* at 503-519. An ALJ again found that Plaintiff was not disabled on May 27, 2010. *Id.* at 8-20. The Appeals Council denied Plaintiff's request for review, making the May 27, 2010 determination Defendant's final decision. *Id.* at 4-6. The instant action was filed by Plaintiff on January 18, 2011. (DE-4).

## Standard of Review

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g)

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368

2

F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## Analysis

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff is no longer engaged in substantial gainful employment. (Tr. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) hypertension; 2) degenerative joint disease; 3) fibromyalgia; 4) status/post fusion at L4-5; 5) depression; and 6) generalized anxiety disorder. *Id.* at 13. Next, the ALJ determined that these impairments, either

3

singly or in combination, were not severe enough to meet or medically equal any listed impairment. *Id.* at 14. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with limitations. *Id.* at 14. Based on this finding, the ALJ found that Plaintiff could not perform any of her past relevant work. *Id*. at 18-19. Finally, based on the testimony of a vocational expert, the ALJ concluded that Plaintiff was not disabled at any time through the date of his decision *Id.* at 20.

Plaintiff was described by a physician as "obese" several times in the medical record. *Id.* at 130, 132, 178, 180, 184, 198, 204, 206, 451, 454. This finding is consistent with Plaintiff's height and weight during the relevant period. *Id.* at 244, 455. Nonetheless, Defendant concedes that the ALJ did not expressly consider Plaintiff's obesity in his May 27, 2010 decision. (DE-21, pg. 14).

While there is no listing for obesity, it is possible for "obesity, by itself, . . . [to be found] medically equivalent to a listed impairment." SSR 02-1p, 2000 WL 628049 at *5. Obesity can also increase the severity of coexisting or related impairments to the extent that the combination of impairments meets a listing. *Id. See also*, Boston v. Barnhart, 332 F.Supp. 2d 879, 886 (D. Md. August 12, 2004). Social Security Ruling ("SSR") 02-1p states that the existence of obesity is established by:

> generally rely[ing] on the judgment of a physician who has examined the claimant and reported his or her appearance and build, as well as weight and height. Thus, in the absence of evidence to the contrary in that case record, we will accept a diagnosis of obesity given by a treating source or consultative examiner.
>
> SSR 02-1p, 2000 WL 628049 at * 3. *See also*, Stemple v. Astrue, 475 F. Supp. 2d 527, 539-540 (D. Md. February 26, 2007)(references to weight in record sufficient to alert ALJ despite fact that claimant did not specifically claim obesity as an impairment).

The ruling further specifies that the ALJ must explain how conclusions regarding a claimant's obesity were reached. *Id.* at 3. Specifically, "[SSR 02-1p] makes it fairly clear that obesity must be considered by the ALJ in conjunction with his determinations at steps two, three, and four of the sequential analysis prescribed for disability determinations." Gross v. Astrue, 2010 WL 1328462, * 5 (D. Md. March 26, 2010). *See also*, 20 C.F.R. § 1520 (setting forth steps in sequential analysis). Accordingly, the undersigned finds that this matter should be remanded to allow more specific findings with regard to Plaintiff's obesity. Gross, 2010 WL 1328462, * 5 ("Although it is possible that the ALJ did consider obesity, the absence of discussion in his ruling prevents the Court from knowing whether the ALJ followed the directions set forth in Social Security Ruling 02-1p . . . [t]hus, the case must be remanded for further proceedings").

## **Conclusion**

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-15) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-20) be DENIED. It is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives. Specifically, it is RECOMMENDED that the matter be remanded to permit an ALJ to reevaluate the severity of Plaintiff's impairments, including obesity, at step two through five of the sequential analysis.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, November 17, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE